IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**ROBERT COLEMAN**                                                    **PLAINTIFF**
**ADC #154354**

v.                          **Case No. 3:13CV00117 KGB**

**AMY PEYTON** *et al*.                                            **DEFENDANTS**

**ORDER**

Plaintiff Robert Coleman filed this *pro se* complaint (Dkt. No. 2), pursuant to 42 U.S.C. § 1983, on May 6, 2013, naming as Defendants Amy Peyton, Constance Brown, Stacy Lynn Ervin, and Shehan.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). A complaint must contain enough facts to state a claim to relief that is plausible on its

face, not merely conceivable. *Twombly*, 550 U.S. at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

**II. Analysis**

According to Mr. Coleman, he is incarcerated based on an assertion that he violated the conditions of parole in a case that was dismissed. Mr. Coleman contends that the revocation of his parole violated his due process and other constitutional rights, and he seeks monetary damages. However, any judgment in Mr. Coleman's favor would imply the invalidity of his incarceration. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. *Id*. at 486-487.[1] There is no indication that Mr. Coleman's sentence has been reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*, and any judgment in Mr. Coleman's favor would certainly imply the invalidity of the continued imprisonment. Accordingly, Mr. Coleman's complaint must be dismissed.[2]

---

[1] Mr. Coleman's only remedy for challenging the lawfulness of his incarceration is a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody); *Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (explaining that a petitioner generally must fully exhaust all available state remedies before commencing a federal *habeas* action to invalidate his commitment).

[2] Dismissals pursuant to *Heck* are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999)(unpub. table op.)(*citing Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Mr. Coleman's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

SO ORDERED THIS 20th day of August, 2013.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE